(88 South. 342)

### MAGOURIK v. STATE.   (7 Div. 671.)

(Court of Appeals of Alabama.   Feb. 15, 1921.)

Criminal law ⊜1094—Record being proper, conviction must be affirmed, in absence of bill of exceptions.

Where no error is apparent on the record, a conviction must be affirmed, in the absence of a bill of exceptions.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Zim Magourik was convicted of manufacturing liquor contrary to law, and he appeals. Affirmed.

Willett, Walker & Whiteside, of Anniston, for appellant.
J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J.   There is no bill of exceptions. We find no error in the record, and the judgment is affirmed.

Affirmed.

---

(88 South. 341)

### CANTRELL v. STATE.   (8 Div. 774.)

(Court of Appeals of Alabama.   Feb. 15, 1921.)

Larceny ⊜7—Open taking by defendant of his property held not larceny.

Where testimony on part of the state and defendant showed that the pistol taken was the property of defendant, and that the taking was open, and that he asked those present if they thought it would be all right, defendant cannot be convicted of larceny.

Appeal from Circuit Court, Lawrence County; J. E. Kumpe, Judge.·

June Cantrell was convicted of petit larceny, and he appealed. Reversed and remanded.

R. L. Almon, of Moulton for appellant.

The facts stated did not constitute larceny. 121 Ala. 33, 25 South. 690; 103 Ala. 44, 15 South. 901; 58 Ala. 381; 55 Ala. 148.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

MERRITT, J.   The appellant was convicted of petit larceny in the county court of Lawrence county. The appeal is direct to this court, as is provided for by an act of the Legislature. "To regulate the trial of misdemeanors in Lawrence county," approved August 29, 1919 (Local Act of Ala. 1919, p. 86).

The property alleged to have been stolen was a pistol. The testimony on the part of the state and of the defendant shows that the property was that of the defendant; that the taking was open and in the presence of many witnesses; that there was no concealment of the property; and that defendant asked of those present at the time of the taking if they thought it would be all right. We fail to find any phase of the evidence that would support the charge of larceny.

The judgment of conviction is therefore reversed, and one here rendered discharging the defendant.

Reversed and rendered.